IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| PHILLIP GUERTLER, *et al.*, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:15-cv-00026 |
| | ) | |
| DUPONT COMMUNITY CREDIT UNION, | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| Appellee. | ) | |
| | ) | |

**MEMORANDUM OPINION**

Appellants Phillip and Cindy Guertler challenge the bankruptcy court's decision that appellee DuPont Community Credit Union has a valid claim against both of them for a debt arising from a joint credit-card account. Before the Guertlers filed for bankruptcy, DuPont sued and obtained a judgment on the debt against Mr. Guertler, but not Mrs. Guertler. The bankruptcy court held that the judgment against Mr. Guertler did not extinguish Mrs. Guertler's liability for the debt. The Guertlers contend that this holding was in error. This court disagrees and will therefore affirm the bankruptcy court's decision.

I. BACKGROUND

The Guertlers do not challenge the bankruptcy court's factual findings; thus, the facts recited below are taken largely from its memorandum opinion. (Bankr. Ct. Mem. Op. 2–7, Dkt. No. 1-2.)

Sometime in the 2000s, Mr. Guertler applied for a MasterCard credit card through DuPont. (*Id.* at 2, 4.) He wanted the credit card for his business, Alpha Omega Construction. (*Id.* at 4.) DuPont approved the application and issued the credit card in Alpha Omega Construction's name. (*Id.*) Mr. and Mrs. Guertler both signed the credit-card agreement and

thereby became jointly liable for all charges on the account. (*Id.* at 4, 10; MasterCard Credit Card Agreement 1–2, Dkt. No. 5.)

In 2011, Alpha Omega Construction defaulted on the MasterCard account, and so DuPont sued Mr. Guertler for the outstanding balance. (Bankr. Ct. Mem. Op. 4.) The General District Court of Waynesboro County, Virginia, found in DuPont's favor and entered a judgment against Mr. Guertler for $7,155.62. (*Id.*)

DuPont did not name Mrs. Guertler in the suit because its records did not show her as jointly liable on the MasterCard account until May 2014. (*Id.*) DuPont's software program has space for just two names on each account. (*Id.*) Hence, the program listed only "Alpha Omega Construction" and "Phillip Guertler" on the MasterCard account. (*Id.*)

In April 2014, the Guertlers filed a voluntary petition for bankruptcy relief under Chapter 13 of the Bankruptcy Code. (*Id.* at 1.) The following month, DuPont filed a proof of claim, asserting that it has a secure claim against Mr. Guertler for the outstanding balance on the MasterCard account. (*Id.*) In July 2014, DuPont filed an amended proof of claim (Claim 4-2), declaring that it has an unsecured claim against both Mr. and Mrs. Guertler for the outstanding balance. (*Id.*)

The Guertlers objected to Claim 4-2, arguing that only Mr. Guertler is liable for the outstanding balance on the MasterCard account because (as relevant here) DuPont's judgment against him extinguished Mrs. Guertler's liability under the common-law doctrine of merger.[1] (*Id.* at 1–2.) The bankruptcy court disagreed, concluding that Mrs. Guertler remains liable for the outstanding balance because Virginia has abolished the merger doctrine by statute—Virginia

---

[1] Why do the Guertlers care whether Mrs. Guertler's liability for the outstanding balance has been extinguished? Because if it has not been, then they must pay 100% of DuPont's claim under their Chapter 13 plan. (Appellants' Br. 4 at 15–16, Dkt. No. 4; Appellee's Br. 12–13, Dkt. No. 6.)

Code § 8.01-30[2]—for actions on contracts made by several persons.[3] (*Id.* at 11.) It thus overruled the Guertlers' objection to Claim 4-2.[4] (*Id.* at 12.)

This appeal followed.

## II. DISCUSSION

### A. Standard of Review

The Guertlers challenge only the bankruptcy court's legal conclusions. (Appellants' Br. 2–4, Dkt. No. 4.) This court therefore apples a de novo standard of review. *In re Merry-Go-Round Enters., Inc.*, 400 F.3d 219, 224 (4th Cir. 2006).

### B. The bankruptcy court did not err in concluding that DuPont's judgment against Mr. Guertler did not extinguish Mrs. Guertler's liability for the outstanding balance on the MasterCard account.

The Guertlers argue that the bankruptcy court erred in concluding that under Code § 8.01-30, DuPont's judgment against Mr. Guertler did not extinguish Mrs. Guertler's liability for the outstanding balance on the MasterCard account. This court finds no error.

#### 1. *Background of Code § 8.01-30*

At common law, a creditor suing several debtors on a joint contract could not recover a judgment against only some of them; he had to have "a joint judgment against all, or he [could not] have it against any." *Bush v. Campbell*, 67 Va. 403, 425 (1875); *see also* Charles E. Friend, *Virginia Pleading & Practice* § 5.04(4)(a) (2015). And if the contract was joint and several, the action had to be "against all the [debtors] jointly or against only one of them singly, and not

---

[2] All subsequent references to "Code" are to the Virginia Code.

[3] The Guertlers also contested, as a factual matter, DuPont's claim that Mrs. Guertler is jointly liable for the MasterCard account. (Bankr. Ct. Mem. Op. 5; Dkt. No. 1-2.) The bankruptcy court, however, made a factual finding that she is. (*Id.* at 10.) The Guertlers do not challenge that finding on appeal. (Appellants' Br. 4.)

[4] The Guertlers moved for reconsideration, contending (among other things) that the bankruptcy court had misunderstood or misapplied Virginia law. (Appellants' Br. in Supp. of Mot. to Reconsider 1–5, Dkt. No. 2-1.) Finding no clear error in its earlier decision, the bankruptcy court denied the motion. (Bankr. Ct. Order Denying Mot. to Reconsider 1, 4, Dkt. No. 1-2.)

against any intermediate number. If the [creditor] elect[ed] to proceed against all, the same consequences ensue[d] as in an action on a joint contract; he [had to] have judgment against all or none." *Bush*, 67 Va. at 425.

Further, "a judgment recovered by a creditor against one of two or more [debtors] on a joint contract was a bar to a subsequent action against other [debtors] who were not party defendants in the original action." *Equity Inv'rs, Ltd. v. West*, 425 S.E.2d 803, 805 (Va. 1993). That is because "[t]he entire cause of action merged into the judgment, and the joint liability of the [debtors] against whom the judgment was not rendered was extinguished." *Id.*; *see also* 12B Michie's Jur., *Merger* § 7 (2011). After a cause of action had merged into a judgment, the creditor could "maintain a subsequent action only on the judgment and not the original cause of action." *Bates v. Devers*, 202 S.E.2d 917, 920 (Va. 1974).

These common-law rules often presented significant procedural hurdles for creditors. Friend, *supra*, § 5.04(4)(a). So the Virginia legislature enacted statutes in the 19th century changing them. *Id.* The modern-day versions of those statutes are found in (among other places) Code §§ 8.01-30 and -442. The former provides:

> Upon all contracts hereafter made by more than one person, whether joint only or joint and several, an action may be maintained and judgment rendered against all liable thereon, or any one or any intermediate number, and if, in an action on any contract heretofore or hereafter made, more than one person be sued and process be served on only a part of them, the plaintiff may dismiss or proceed to judgment as to any so served, and either discontinue as to the others, or from time to time as the process is served, proceed to judgment against them until judgment be obtained against all. Such dismissal or discontinuance of the action as to any defendant shall not operate as a bar to any subsequent action which may be brought against him for the same cause.

Code § 8.01-30.

And the latter says: "In an action or motion, founded on contract, against two or more defendants, although the plaintiff may be barred as to one or more of them, yet he may have judgment against any other or others of the defendants, against whom he is not so barred." Code § 8.01-442.

Even though statutes in derogation of the common law are generally subject to strict interpretation, *Lansdowne Dev. Co., L.L.C. v. Xerox Realty Corp.*, 514 S.E.2d 157, 162 (1999), "the language of the judges, when the [predecessors of Code §§ 8.01-30 and -442] first came up for consideration, indicated a manifest disposition to give them an enlarged and liberal interpretation." 4A Michie's Jur., *Contracts* § 97 (2007) (citing *Moffet v. Bickle*, 62 Va. 280 (1871); *Steptoe v. Read*, 60 Va. 1 (1868)); *see also* Kent Sinclair & Leigh B. Middleditch, Jr., *Virginia Civil Procedure* § 5.2[A] (6th ed. 2015 & Supp. 2015–16) (commenting that the statutes governing actions on joint contracts are "quite liberal, from a plaintiff's perspective," giving the plaintiff "a great deal of flexibility in determining the shape of the litigation"). The judges understood that the statutes had been passed "to avoid unnecessary delay and expense produced by a mere technicality." *Moffett*, 62 Va. at 285–86.

### 2. *The bankruptcy court did not err in its interpretation or application of Code § 8.01-30.*

The Guertlers argue that the bankruptcy court erred in interpreting and applying Code § 8.01-30. (Appellants' Br. 7–13.) They contend that the statute allows a creditor to file a subsequent action on a joint contract against a debtor only if that debtor was sued but not served with process in the original action. (*Id.* at 7.) To support this reading, the Guertlers first note that the statute refers to "an action," which, according to them, indicates that only one action may be brought, unless a debtor was not served in the original action. (*Id.* at 10–11.) If the statute allowed multiple actions, they reason, then the first sentence would read something like

5

Code § 8.01-443, which explicitly states that an injured party may bring "separate actions" against joint tortfeasors. (*Id.* at 9–10.)

Next, the Guertlers submit that Code § 8.01-30's first sentence applies only to actions where "more than one person [is] sued and process [is] served on only a part of them." (*Id.* at 11.) They argue that this language shows that the statute does not apply where only one debtor is sued in the original action. (*Id.*)

Finally, the Guertlers point to Code § 8.01-30's second sentence, which begins, "Such dismissal or discontinuance of the action . . . ." (*Id.*) They maintain that this language establishes that the statute removes the bar to a subsequent action only for a debtor who was sued but not served in the original action. (*Id.*)

Like the bankruptcy court, this court rejects the Guertlers' crabbed reading of Code § 8.01-30.

The Virginia legislature "is presumed to have had the common law in mind in the enactment of a statute." *Isbell v. Commercial Inv. Assocs., Inc.*, 644 S.E.2d 72, 75 (Va. 2007) (quoting *Wicks v. City of Charlottesville*, 208 S.E.2d 752, 755 (Va. 1974)). So the common law remains in force "unless it clearly appears from express language or by necessary implication that the purpose of the statute was to change the common law." *Id.* at 75–76 (quoting *Wicks*, 644 S.E.2d at 755).

The court thinks that both Code § 8.01-30's language and history reflect the Virginia legislature's intent to change the common law. Start with the language. The first sentence begins, "Upon all contracts hereafter made by more than one person, whether joint only or joint and several, an action may be maintained and judgment rendered against all liable thereon, or any one or any intermediate number . . . ." Code. § 8.01-30. The plainest reading of this

6

language, in the court's view, is not the one that the Guertlers advance, but the one that allows a creditor to bring a subsequent action against a debtor not sued in the original action; for the language clearly provides that a creditor may bring an action against all debtors "*or any one or any intermediate number*." *Id.* (emphasis added). Nothing in this language suggests that a creditor cannot bring a subsequent action against a debtor not sued in the original action, and the court will not read such a limitation into it.

In urging the opposite interpretation of Code § 8.01-30, the Guertlers ignore the "and if" clause of this language:

> *and if*, in an action on any contract heretofore or hereafter made, more than one person be sued and process be served on only a part of them, the plaintiff may dismiss or proceed to judgment as to any so served, and either discontinue as to the others, or from time to time as the process is served, proceed to judgment against them until judgment be obtained against all.

*Id.* (emphasis added). The "and if" clause is critical to understanding the remaining language of the statute. It shows that the "more than one person be sued and process be served on only a part of them" language does not apply to every action; it applies only to actions where more than one debtor is sued in the original action *and* not all of them are served. Thus, contrary to the Guertlers' argument, the language that follows the "and if" clause does not require that a creditor sue all debtors on a joint contract in the original action or else lose his right to sue any of them in a subsequent action. Quite the opposite. It protects his right to bring a subsequent action if he chooses to sue more than one debtor in the original action but, for whatever reason, does not serve all of them.

The Guertlers' reading of Code § 8.01-30 not only ignores key language of the statute, but it also makes no sense. If correct, it would require a creditor to sue all debtors on a joint contract even if he did not want to obtain a judgment against all of them at that time, just so that

7

he could preserve his right to bring a subsequent action against any of them not served with process. Why would the Virginia legislature leave in place such a procedural obstacle when its intention in enacting Code § 8.01-30 and its predecessors was to make it easier—not harder—for a creditor to sue and obtain a judgment on a joint contract? The Guertlers offer no answer, and the court can think of none that makes any sense, especially in light of the statute's remedial nature. *See Harper v. Va. Dep't of Taxation*, 462 S.E.2d 892, 898 (Va. 1995) ("[R]emedial statutes are not strictly construed, but are given liberal construction with the view of advancing the remedy sought to be applied in accordance with the true intent and purpose of the legislature." (quoting *Commonwealth v. Smallwood Mem'l Inst.*, 97 S.E. 805, 806 (Va. 1919)).

The court is not alone in its understanding of Code § 8.01-30. While it appears that no other court has addressed whether the statute allows a creditor to bring a subsequent action against a debtor not sued in the original action, several legal scholars have done so, and they agree with this court. Take, for instance, W. Hamilton Bryson. In his treatise on Virginia civil procedure, he says:

> At common law it was required that joint obligors be sued jointly, but today [Code §§ 8.01-30 and -442] allow them to be sued individually or in any combination *or seriatim*. Thus, a plaintiff may recover the amount due to him from any joint obligor, and if he cannot recover in one suit, *he may then sue another obligor*. Of course, the total amount due can only be recovered once.

W. Hamilton Bryson, *Virginia Civil Procedure* § 5.03[1][a][ii] (4th ed. 2005) (emphasis added).

Kent Sinclair and Leigh Middleditch likewise concur. In their treatise on Virginia civil procedure, they say:

> A plaintiff may sue one, several or all of a group of joint obligors. Successive judgments against different members of the joint obligor group will not be deemed an "election of remedies" barring action against the others. *Successive judgments may be taken in serial actions*, or in a single action if service of process or other factors lead to syncopated completion of the suit. *Only satisfaction of the obligation against one or more of the obligors will act to release the others.*

8

Sinclair & Middleditch, *supra*, § 5.7[C] (emphasis added) (citing Code §§ 8.01-30 and -442).

The court's reading of Code § 8.01-30 also comports with the Restatement, which in relevant part states: "A judgment against one or more promisors does not discharge other promisors of the same performance unless joinder of the other promisors is required . . . ." Restatement (Second) of Contracts § 292(1) (Am. Law. Inst. 1981). The Supreme Court of Virginia often cites with approval the Restatement when resolving questions of contract law in Virginia. *See, e.g.*, *Hampton Rds., Inc. v. Harvard*, 781 S.E.2d 172, 177–78 (Va. 2016) (citing with approval the Restatement in discussing the impossibility-of-performance defense under Virginia law); *Bennett v. Sage Payment Sols., Inc.*, 710 S.E.2d 736, 741 (Va. 2011) (citing with approval the Restatement in addressing the repudiation defense under Virginia law.) And there is no reason that it would not do so here.

The history of Code § 8.01-30 lends further support to the court's position. The statute has existed in one form or another for over a hundred years, and the early decisions from the Supreme Court of Virginia construing it and other related statutes recognized that the Virginia legislature enacted them to change the common law. *Cahoon v. McCulloch*, 23 S.E. 225 (Va. 1895), is perhaps the clearest of those decisions. In that case, a creditor sued a debtor and his sureties. *Id.* at 225. The creditor obtained a judgment against the debtor, but suffered a nonsuit as to the sureties. *Id.* Sometime thereafter, the creditor sued the sureties again. *Id.* In response, the sureties moved to dismiss, arguing that the creditor's cause of action had merged into the judgment against the debtor. *Id.* The trial court agreed and dismissed the case. *Id.*

The Supreme Court of Virginia reversed. *Id.* at 226. It began its analysis by discussing the common-law rules as to suing on a joint contract:

9

At common law a judgment recovered against one of two or more persons on their joint contract was a bar to an action against the others. The entire cause of action was merged in the judgment, and the joint liability of those not sued, or against whom the judgment was not rendered, was extinguished. And upon a joint and several contract the action had to be brought against all jointly, or against one of them singly, and could not be brought against any intermediate number. These rules have been essentially changed by statutes enacted by the Legislature. Secs. 3395, 3396, and 3212 of the Code.

*Id.* at 225.

The court next highlighted one of these statutes in particular—Code § 3212[5]—which worked much like Code § 8.01-30. *Id.* It explained Code § 3212's operation as follows:

Under this statute, contrary to the rule of the common law, a judgment may be rendered against one of two or more obligors on their joint bond, without the cause of action being merged in the judgment, and the judgment becoming thereby a bar to a recovery in a future motion against the other obligors. And so a judgment may be rendered on a joint and several bond against any number of the obligors intermediate between one and all, without the cause of action being merged in the judgment, and such judgment being thereby made a bar to a recovery in a future motion against the other obligors. Separate motions may be made and judgments rendered, from time to time, against one or more of the whole number of obligors, whether the obligation be joint, or joint and several, without the cause of action being merged in any or all of such judgments as to the other obligors, until there is a judgment against every person liable, or his personal representative.

The statute declares, in effect, that there shall be no merger of the original cause of action until there has been a judgment against every person liable to a

---

[5] This section provided:

A person entitled to obtain judgment for money on motion, may, as to any, or the personal representatives of any person liable for such money, move severally against each, or jointly against all, or jointly against any intermediate number; and when notice of his motion is not served on all of those to whom it is directed, judgment may nevertheless be given against so many of those liable as shall appear to have been served with the notice: *provided*, that judgment against such personal representatives shall, in all cases, be several. Such motions may be made from time to time until there is judgment against every person liable, or his personal representative.

*Cahoon v. McCulloch*, 23 S.E. 225, 225 (Va. 1895) (quoting Code § 3212).

recovery upon it. It cannot be questioned that the Legislature had the power to alter the rule of the common law, and to prescribe what should be the consequences of a judgment, in respect to its effect as a merger or extinguishment of the original demand. It was as much within its power to modify its effect, in such respect, as it was to prescribe the mode of its recovery, or the manner of its enforcement. It is apparent that the object of the Legislature, in giving the right to recover money by motion, was not only to provide a simpler and more speedy proceeding, but to unfetter it from the technical and inconvenient rules of the common law.

*Id.* at 225–26.

In light of this change to the common law, the court held that the creditor's judgment against the debtor "did not merge the cause of action as to the sureties" and that therefore the creditor "was not barred of his right of action as to the sureties upon a new motion against them." *Id.* at 226.

The Guertlers contend that this case does not fall within *Cahoon* because, unlike the sureties there, Mrs. Guertler was not sued and then nonsuited; she was never sued.[6] (Appellants' Reply Br. 10, Dkt. No. 8.) In the court's view, however, *Cahoon* is not so restricted. The Supreme Court of Virginia said in no uncertain terms that Code § 3212 "declares, in effect, that there shall be no merger of the original cause of action until there has been a judgment against every person liable to a recovery upon it." *Cahoon*, 23 S.E. at 226. Nothing in this language implies that the statute was limited only to actions where a debtor was sued but then nonsuited, and the Guertlers point to no authority holding otherwise.

The court recognizes that Code §§ 3212 and 8.01-30 are worded differently—most significantly, the former states that "[s]uch motions may be made from time to time until there is judgment against every person liable, or his personal representative," while the latter does not. It

---

[6] The Guertlers make contradictory arguments as to *Cahoon*. In their opening brief, they concede that the case allows a creditor to bring a subsequent action against a debtor not sued in the original action, but argue that it is "obsolete." (Appellants' Br. 12.) But in their reply brief, they admit that the case is still good law, but contend that it is inapposite. (Appellants' Reply Br. 10, Dkt. No. 8.) As discussed below, neither is true.

11

further acknowledges that there is no current section of the Code with language identical to Code § 3212's. Neither distinction, however, renders *Cahoon* inapposite here. That case shows that, with the enactment of Code § 8.01-30's predecessors and other related statutes, the Virginia legislature intended to change the common law so as to free a creditor's right to recover on a joint contract from "technical and inconvenient rules." *Cahoon*, 23 S.E. at 226. And the Guertlers cite no authority saying that the Virginia legislature intended to restrict that right again by referring to "an action" instead of "actions" in Code § 8.01-30 or by omitting Code § 3212 from the modern-day Code. It would certainly be within the legislature's power to revert to the common law, but the court thinks it highly unlikely that the legislature would have done so *sub silentio*.

For these reasons, the court holds that the bankruptcy court did not err in concluding that DuPont's judgment against Mr. Guertler did not extinguish Mrs. Guertler's liability for the outstanding balance on the MasterCard account.

**C. The bankruptcy court did not err in concluding that the outstanding balance on the MasterCard account is a joint debt.**

The Guertlers also argue that the bankruptcy court erred in holding that the outstanding balance on the MasterCard account is a joint debt. (Appellants' Br. 13–15.) They submit that the debt is separate because Mr. Guertler's has been reduced to a judgment, whereas Mrs. Guertler's has not. (*Id.*) This court disagrees.

As the bankruptcy court reasoned, even though there is a judgment against Mr. Guertler, the debt arising from the MasterCard account is still a joint debt because any amount paid by him or any amount paid by her would reduce the other's liability. (Bankr. Ct. Mem. Op. 11–12.) Moreover, as DuPont points out, the Bankruptcy Code speaks of claims—not judgments—and a claim is defined as a "right to payment, whether or not such right is reduced to judgment."

12

(Appellee's Br. 12, Dkt. No. 6 (quoting U.S.C. § 101(5))). So DuPont can still have a joint claim against Mr. and Mrs. Guertler, even though Mr. Guertler's debt has been reduced to a judgment and Mrs. Guertler's has not.

The court therefore holds that the bankruptcy court was correct in concluding that the outstanding balance from the MasterCard account is a joint debt.

### III. CONCLUSION

For the foregoing reasons, the court will affirm the bankruptcy court's decision.

Entered: March 18, 2016.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge